**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

JUL 2 9 2024

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LEON HARRIS JR. & DR. MALCOLM JONES**                                   **PLAINTIFFS**

vs.                          CASE NO. ___4:24-cv-641-BSM___

**BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION,
DESMOND HAMMET, Individually; and, in his Official Capacity,
as Blytheville School District Board of Education President**          **DEFENDANTS**

**COMPLAINT**

Come the Plaintiffs, **LEON HARRIS & MALCOLM JONES**, by and through their

counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, they state:

**PARTIES AND JURISDICTION**

1.      Plaintiffs, **LEON HARRIS JR.**, is a natural person residing in Jefferson County,

Arkansas. At all relevant time periods, Plaintiffs resided in Mississippi County, Arkansas, and was

employed by Defendants in Arkansas.

2.      Plaintiffs, **MALCOLM JONES**, is a natural person residing in Mississippi County,

Arkansas. At all relevant time periods, Plaintiffs resided in Mississippi County, Arkansas and was

employed by Defendants in Arkansas.

3.      Defendant, **BLYTHEVILLE    SCHOOL    DISTRICT    BOARD    OF**

**EDUCATION**, is a public entity employing more than fifty (50) individuals in Arkansas whose

Board of Education President is, and at all relevant times was, Defendant, **DESMOND**

**HAMMET**.

4.      All actions were taken under color of law.

5.      These claims are brought pursuant to both the constitutional and employment

provisions of the Arkansas Civil Rights Act, ACA 16-123-108, constitutional violations under

ACA 16-23-105 and 42 USC 1983 arising from Defendants' violation of Plaintiffs' right to due process, Title VII of the U.S. Civil Rights Act of 1963 as amended, and the Arkansas Whistleblower Protection Act.

6.    Jurisdiction and venue are proper herein as Plaintiffs and all Defendants either reside in this District or are a public entity situated within this District, and the facts giving rise to this action occurred in this County.

7.    Defendant, **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION**, was Plaintiffs' employer. Defendant, Blytheville School District Board of Education President **DESMOND HAMMET** was in a position to influence Plaintiffs' employment due to their position as Blytheville School District Board of Education President. Defendant **DESMOND HAMMETT** took actions with the purpose of adversely affecting Plaintiffs' employment due to Plaintiffs' opposition to actions taken by Defendant **DESMOND HAMMETT** which constituted a waste of public funds. Defendants are sued for retaliation under the ACRA and for violation of ACA 16-123-108 as well as the Arkansas Whistleblower Protection Act. All actions were taken under color of law.

<u>**GENERAL ALLEGATIONS OF FACT AND LAW**</u>

8.    Plaintiff **LEON HARRIS JR.**, was the Athletic Director and Head Boys Basketball Coach at Blytheville School District.

9.    The selection and evaluation of head coaches for Blytheville School District fell exclusively within the purview of Plaintiff, **LEON HARRIS JR.,** pursuant to the Athletic Director's job description.

10.    However, Defendant, **DESMOND HAMMETT,** took it upon himself to bring the interim football coach's position before the school board for a vote, thereby circumventing and

undermining Plaintiff, **LEON HARRIS JR.**'s, authority as Athletic Director. This compromised the integrity of the process and also undermined Plaintiff, **LEON HARRIS JR.**'s, ability to execute his job responsibilities effectively.

11. By engaging in the conduct attested to above, Defendant, **DESMOND HAMMETT,** effectively wasted the public funds constituting Plaintiff, **LEON HARRIS JR.**'s, salary.

12. Renting Blytheville School District athletic facilities and gymnasiums to the public takes place pursuant to policy outlining the procedures for renting the aforementioned facilities. Management and oversight of these facilities was part of Plaintiff, **LEON HARRIS JR.**'s, job.

13. Defendant, **DESMOND HAMMETT,** demanded that certain individuals be granted special privileges regarding the use of the aforementioned facilities, such as the use of such facilities free of charge, in violation of established district policy and procedure. This also deprived the district of the revenues that would have otherwise been generated had Defendant **DESMOND HAMMETT** followed district policy and procedure. Effectively, Defendant **DESMOND HAMMETT** has, by his actions, deprived the district of lawful public funds.

14. Plaintiff **LEON HARRIS JR.** would contest these actions by Defendant **DESMOND HAMMETT**, much to the latter's displeasure. Indeed, in one instance, Defendant **DESMOND HAMMETT** cussed out Plaintiff **LEON HARRIS JR.** for not allowing one of those persons specially favored by Defendant **DESMOND HAMMETT** to use district facilities for free.

15. This also constitutes a waste of public funds because even though the district is not taking in revenue from these free rentals arranged by Defendant **DESMOND HAMMETT**, the district must nonetheless expend funds to clean the facilities after their free use and pay district personnel to be there and monitor their free use.

3

16. The individuals who received free use of these public facilities thanks to Defendant **DESMOND HAMMETT** made money by charging teams a fee to play at the facilities and charging spectators for admission and concessions. Yet the district made no money. Defendant **DESMOND HAMMETT** effectively arranged the public subsidy of certain citizens' for profit business ventures.

17. Defendant **DESMOND HAMMETT** exposed the district to potential liability in the event of an injury to individuals at these events.

18. By engaging in the aforementioned activity, Defendant **DESMOND HAMMETT** has favored certain citizens over others in a way that resulted in monetary gain for those favored citizens and could potentially influence them to vote in favor of Defendant **DESMOND HAMMETT**.

19. Defendant **DESMOND HAMMETT** would raise the issues of renting district athletic facilities directly to Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** in violation of established district policy and procedure. This circumvented and undermined Plaintiff **LEON HARRIS JR.**'s authority as Athletic Director, compromised the integrity of the process, and also undermined Plaintiff **LEON HARRIS JR.**'s ability to execute his job responsibilities effectively.

20. By engaging in the conduct attested to above, Defendant **DESMOND HAMMETT** effectively wasted the public funds constituting Plaintiff **LEON HARRIS JR.**'s salary.

21. Plaintiffs attempted to raise these issues with Defendant **DESMOND HAMMETT** to no avail.

22. Plaintiff **LEON HARRIS JR.** became aware of rumors spread by Defendant **DESMOND HAMMETT** that his tenure as Head Boys Basketball Coach was coming to an end.

23.    Defendant **DESMOND HAMMETT** attempted to get Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** to post a job opening for Plaintiff **LEON HARRIS JR.**'s position, Head Boys Basketball Coach, while Plaintiff **LEON HARRIS JR.** still held that position. This amounts to Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** directly intervening in district personnel matters and causes the district to be inefficient.

24.    These things were done by Defendant **DESMOND HAMMETT** in retaliation against Plaintiff **LEON HARRIS JR.** for his pushing back against his violations of district policy and procedure and waste of public funds.

25.    Subsequently, Plaintiff **LEON HARRIS JR.**'s contract with Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** was not renewed and his employment was terminated.

26.    Plaintiff **LEON HARRIS JR.**'s termination was in retaliation against him for his pushing back against Defendant **DESMOND HAMMETT** for violations of district policy and procedure and waste of public funds.

27.    Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** retaliated against Plaintiff **LEON HARRIS JR.** by not renewing his contract with the district and terminating his employment.

28.    Plaintiff **MALCOLM JONES** was an Assistant Superintendent for Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** at all times relevant to the present case.

29.    Plaintiff **MALCOLM JONES** was aware of Defendants' violations of district policy and procedure and waste of public funds enumerated above.

5

30.    Plaintiff **MALCOLM JONES** attempted to raise these issues to appropriate authorities, including Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** to no avail.

31.    Plaintiff **MALCOLM JONES.** attempted to raise these issues with the school board, and when he did so, Defendant **DESMOND HAMMETT** said to Plaintiffs, "I got your ass."

32.    Following the activities of Plaintiff **MALCOLM JONES** to raise these issues to Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION**, his contract was not renewed and his employment was terminated.

33.    Plaintiff **MALCOLM JONES'** termination was in retaliation against him for his pushing back against Defendant **DESMOND HAMMETT** for violations of district policy and procedure and waste of public funds.

34.    Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION** retaliated against Plaintiff **MALCOLM JONES** by not renewing his contract with the district and terminating his employment.

35.    Arkansas law entitles Plaintiffs to a grievance hearing to contest the nonrenewal of their respective contracts and termination of their employment before Defendant **BLYTHEVILLE SCHOOL DISTRICT BOARD OF EDUCATION**.

36.    Plaintiffs were afforded no such hearing.

37.    Accordingly, Defendants have deprived Plaintiffs of their rights to due process, in violation of his rights under the U.S. and Arkansas Constitutions.

## <u>COUNT I</u>

38.    Plaintiffs re-allege the foregoing paragraphs, as though fully stated herein.

39.   Defendants have retaliated against Plaintiffs for Plaintiffs' pushing back against Defendant **DESMOND HAMMETT** for his violations of district policy and procedure and waste of public funds, as well as exercising free speech rights, petition rights, and the right of remonstration All Defendants are sued under the ACRA, Title VII, Section 16-123-108, as well as under 42 USC 1983 for violation of Plaintiffs' right to remonstrate under the Arkansas Constitution.

40.   As a direct result of Defendants' conduct, Plaintiffs have lost wages, endured physical, emotional, and mental suffering, lost fringe benefits, and had negative references, entitling them to compensatory damages.

41.   Defendants have acted in intentional, malicious, and willful violation of the law, meriting punitive damages.

<u>**COUNT II**</u>

42. Plaintiffs re-allege the foregoing paragraphs, as though fully stated herein.

43. By virtue of the facts alleged herein, Plaintiffs were terminated in violation of the Arkansas Whistleblower Protection Act and the ACRA for opposing the waste of public funds by Defendant **DESMOND HAMMETT**.

44. Plaintiffs' protests against this waste of public funds by Defendant **DESMOND HAMMETT** were protected under the Arkansas Whistleblower Protection Act.

45. Plaintiffs had a good faith belief that Defendant **DESMOND HAMMETT** had wasted public funds.

46. Accordingly, Defendants' actions in terminating Plaintiffs were in violation of the Arkansas Whistleblower Protection Act because Plaintiffs reported their concerns to an appropriate authority and were terminated by Defendants for doing so.

47.  As direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiffs have suffered severe mental and emotional distress, lost wages, lost earning capacity, and incurred other damages in an amount to be proven at trial.

## COUNT III

48. Plaintiffs re-allege the foregoing paragraphs, as though fully stated herein.

49. By not affording Plaintiffs the grievance hearings to which Arkansas law entitles them, Defendants have deprived Plaintiffs of their rights to due process in violation of the United States and Arkansas Constitutions.

50. As a direct and proximate cause of Defendants' conduct, Plaintiffs have lost wages, endured physical, emotional, and mental suffering, lost fringe benefits, and had negative references, entitling them to compensatory damages.

51. Defendants have acted in intentional, malicious, and willful violation of the law, meriting punitive damages.

## JURY TRIAL DEMAND

52. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs, **LEON HARRIS JR.** and **MALCOLM JONES** pray for punitive damages and compensatory damages; payment for his mental, emotional, and physical suffering; for back pay; for an injunction requiring Defendants to take appropriate steps to address the hostile work environment; cease retaliation; cleansing of his file; designation as rehireable; a positive reference; an apology; posting of the verdict; training for management and elected officials; for reasonable attorneys' fees; for costs; trial by jury; and, for all other relief the Court deems just and proper.

8

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C**.
Attorneys at Law
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiffs

By:    */s/ Lucien R. Gillham*
Lucien R. Gillham, ARBN 99199
Lucien.gillham@gmail.com


By:    */s/ Luther Oneal Sutter*
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

By:    */s/ Caleb Baumgardner*
Caleb Baumgardner, ARBN 2014183
caleb.sglaw@gmail.com

9